IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE HAUG, AND ANITA HAUG | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO. 2:23-cv-00165-PPS-JPK |
| COUNTY OF STARKE. | ) ) ) | |
| Defendant. | ) | |

**MOTION FOR SANCTIONS AND
ATTORNEY'S FEES UNDER FED. R. CIV. P. 11**

Starke County, by counsel, respectfully, moves this Court, pursuant to Fed. R. Civ. P. 11, for sanctions and attorney's fees against Robert and Anita Haug ("the Haugs") because the Complaint the Haugs filed on May 16, 2023, contains, factual contentions that are known to be materially false. In support of the Motion for Sanctions, Starke County states the following.

1.  On July 18, 2016, the Haugs received a Trustee's Deed for Lots 15, 16, and 17 of Koch's North Shore Addition to Koontz Lake, recorded May 27, 1924 in the Office of the Recorder of Starke County, Indiana, in Plat Book 2, page 26. (Exhibit 1). Nowhere in the Trustee's deed does it indicated that Lots 15, 16, and 17 go to the water's edge or grant littoral rights. (*Id.*).

2.  The Plat for Koch's North Shore Addition to Koontz Lake shows that Lots 15, 16, and 17 do not extend to the edge of Koontz Lake. (Exhibit 2).

3.  In 2022, Anita Haug commissioned the attached survey. (Exhibit 3). The survey shows the edge of the water of Koontz Lake and the Haugs' property does not touch Koontz Lake. The Haugs' property is at least twenty (20) to thirty (30) feet from the water's edge. (*Id.*). The survey shows the Haugs property does not extend to Koontz Lake.

1

4. The area between the Haugs' property and Koontz Lake is known as Kramer Beach. (Bierly Affidavit ¶ 3). Kramer Beach is a small public beach on Koontz Lake located in Starke County, Indiana. (Bierly Aff. ¶ 6; Williams Aff. ¶¶ 3-4). Kramer Beach in Starke County on Koontz Lake has been a small sandy stretch of beach long before 2016. (Bierly Aff. ¶¶ 2-8).

5. The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." Where government action does not interfere with interests that were sufficiently tied to reasonable expectations of the claimant to constitute property for Fifth Amendment purposes, there is no taking. *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 124-125 (1978).

6. The Haugs have no ownership and no recognizable legal interest in any area beyond their property line, which has not touched Koontz Lake since at least 1924. Thus, there is no taking by Starke County.

7. On May 16, 2023, the Haugs filed their Complaint. (Doc. No. 1). Paragraph 17 of the Complaint states that "[p]revious to the aforementioned actions, no public beach existed between the Property and Koontz Lake." (*Id.* at 3 ¶ 17). This is not a correct statement as the Plat and the Huags' survey shows the beach area and shows the Haugs do not have title to the area extending to the shore of Koontz Lake. (Exhibits 1-3).

8. Paragraph 8 of the Complaint which states "[a]t the time of the purchase, the Property was valuable lakefront property, running adjacent to Koontz Lake." (Doc. No. 1 at 2 ¶ 8). Again – there's no deed or survey that would support this statement. Accordingly, the Haugs have no claim or title to the Kramer Beach area. There's no governmental taking of property because the Haugs never owned such property. The claim is baseless.

9. Fed. R. Civ. P. 11(b) addresses Representations to a Court and provides as follows:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

10. Fed. R. Civ. P. 11(c) addresses sanctions and provides, in part, that:

(c) Sanctions.

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

> . . .
>
> > (4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> . . .

Fed. R. Civ. P. 11(c)(1), (2), (4).

11. Rule 11 does not require that the Court make a finding that the transgressor acted in bad faith, rather, the Court need only "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Chicago Newspaper Publishers' Ass'n v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987).

12. Sanctions are appropriate under Rule 11 when a filing is frivolous. *Brown v. Federation of State Med. Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987). A frivolousness inquiry looks at both whether the party made a reasonable inquiry into the facts, and at whether the party made a reasonable inquiry into the law. *Brown*, 830 F.2d at 1435.

13. To determine whether a party made a reasonable inquiry into the facts of a case, the Court must consider: (1) whether the signer of the documents had sufficient time for investigation; (2) the extent to which the signer had to rely on another for the factual foundation underlying the pleading; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the signer's ability to do a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Id.*

14. "As in tort law, the event sometimes speaks for itself; [t]hat is, Rule 11 no less than common law recognizes the doctrine of *res ipsa loquitur*." *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

15. In the present case, the Haugs' pleading speaks for itself, raising the inference of inadequate research. The Haugs are keenly aware that they have a survey that indicates their property does not extend to the shore of Koontz Lake. Moreover – the Haugs attach no documents to their pleadings evidencing ownership to the shore of Koontz Lake.

WHEREFORE, Defendant Starke County requests the Court to grant its Motion for Sanctions and Attorney's Fees and award Starke County its reasonable fees to be submitted to the Court via attorney affidavit within seven (7) business days of the Court granting its Order.

Respectfully submitted:

**Wyland, Humphrey, Clevenger & Surrisi, LLP**

*/s/ Janette E. Surrisi*
Janette E. Surrisi (34788-50)
319 West Jefferson Street, P.O. Box 158
Plymouth, IN 46563
Email: janette@whwclaw.com
Telephone: (574) 936-2169
Fax: (574) 936-2642
*Attorney for Defendant*

5