UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HAUG and ANITA HAUG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Cause No. 2:23-CV-165-PPS-JPK |
| | ) |
| COUNTY OF STARKE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on a Motion for Sanctions and Attorney's Fees pursuant to Rule 11 of the Federal Rules of Civil Procedure [DE 11], filed by the defendant, Starke County. On May 16, 2023, Plaintiffs Robert and Anita Haug filed this action, claiming that the County converted a portion of their property abutting Koontz Lake into a public beach, in violation of the Fifth Amendment to the U.S. Constitution and provisions of the Indiana Constitution. [DE 1.] The County answered the complaint and discovery is currently set to run through next spring.

The County evidently believes the case is utter nonsense. But instead of filing a motion for judgment on the pleadings or for summary judgment, it's taken a different tack. It seeks sanctions and attorney's fees because, according to the County, the complaint "contains[] factual contentions that are known to be materially false." [DE 11 at 1.] To support this broadside attack the County has supplied a deed for the plats underlying Plaintiffs' property, a land survey prepared in 2022, and affidavits. [DE 11-1; DE 11-2; DE 11-3; DE 11-4; DE 11-5.] It tells me that these materials show, beyond

dispute, that Plaintiffs "have no ownership and no recognizable legal interest in any area beyond their property line, which has not touched Koontz Lake since at least 1924," and accordingly their taking claim is inevitably doomed to fail. [DE 11 at 2.]

The Haugs filed a response to the motion [DE 12], which the County notes was filed four days late [DE 14 at 2]. Notwithstanding the tardy filing, I will consider it and decline to rule summarily on the County's motion. *See* N.D. Ind. L.R. 7-1(d)(5).

Plaintiffs correctly respond that the motion is really a premature request for summary judgment. [*See* DE 12 at 2.] In essence, the County is contesting the veracity of their well pled allegations with evidence extrinsic to the pleadings, and seeks a sanction based on the 'meritless' nature of the claims, without separately moving to dismiss the claims. Plaintiffs, for their part, point me to other evidence in tension with the County's position – namely, property cards homeowners received from the County, correspondence with opposing counsel, and an affidavit from Ms. Haug. [DE 12-1; DE 12-2; DE 12-3; DE 12-4; DE 12-5; DE 12-6.] They also request attorney's fees incurred in responding to the County's motion [DE 12 at 9–11], arguing that the filing is frivolous.

The County's request is an odd one, procedurally speaking. Typically, a party moves to dismiss claims, *then* seeks sanctions and attorney's fees incurred in connection with defending any claims that were frivolously filed. Here, the County answered the complaint. Two months later (and purportedly without seeking judgment on the merits of the claims), it asks me to sanction Plaintiffs because their factual allegations are "materially" false. The County specifically notes in its reply that it has "not ask[ed] for

2

dismissal" or for me to "decide the case as a whole," yet asserts that Plaintiffs have engaged in sanctionable conduct because their claims are objectively meritless. [DE 14 at 3.]

Based on the limited evidentiary record before me, and noting the parties have yet to engage in meaningful discovery on the facts alleged in Plaintiffs' complaint, I am not at all persuaded that sanctions are warranted under Rule 11(b) and (c) – at least not yet. The sanctions motion will be denied, without costs to any party. Plaintiffs' request for attorney's fees, which the Court construes as a cross-motion for sanctions, will also be denied, without costs to any party. To the extent the County believes the cited evidence warrants dismissal of Plaintiffs' claims, it may file a motion for judgment on the pleadings or a motion for summary judgment fully compliant with this Court's Local Rules. If the County prevails and believes that sanctions and fees are justified, it can file a request for them at that time. But for now, the motion is premature.

ACCORDINGLY:

Defendant County of Starke's Motion for Sanctions and Attorney's Fees Under Fed. R. Civ. P. 11 [DE 11] is **DENIED**.

**SO ORDERED**.

ENTERED: September 1, 2023.

　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT