UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT WAYNE HAUG and ANITA HAUG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:23-CV-165-PPS-AZ |
| COUNTY OF STARKE, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend [DE 22], filed by Plaintiffs Robert Wayne Haug and Anita Haug on July 8, 2024. Defendant Starke County filed a response July 22, 2024, and the Haugs filed a reply August 1, 2024. The Haugs seek leave to file an amended complaint adding two new counts to their complaint, one for quiet title and one for a "class of one" equal protection claim. For the reasons explained below, the motion is denied.

**Background**

The dispute in this case centers around property located alongside Koontz Lake, specifically Lots 15, 16, and 17, which are all owned by the Haugs. The Haugs maintain the land running up to the shoreline of the lake is part their three Lots. Starke County asserts the area immediately adjacent to Koontz Lake is not part of the Lots, and therefore belongs to the county. The three Lots are the nearest lots to Cherokee Road, a public road providing access to the disputed property. *See* DE 22-

4. This area is currently used as a public beach, which the Haugs believe is a violation of their ownership rights.

During discovery, specifically on June 18, 2024, the Haugs obtained the title packages for the plats which border the lake, including Lots 15, 16, and 17. From these documents, Plaintiffs learned that there is some ambiguity or uncertainty regarding the ownership rights of the property along the shoreline. That is, the original dedication of the land may not have transferred riparian rights to the homeowners of the plats adjacent to the shoreline. This is the case for all of the lots along the shoreline of the lake. This information led the Haugs to seek leave to amend their complaint with two additional counts. First, they seek to add a count of quiet title against an unknown third party who may or may not claim rights to the land along the shoreline. Second, they seek to add a count of equal protection, alleging their three lots have been singled out for use as a public beach by Starke County. DE 22-1, ¶31. Defendant Starke County objects on the grounds that these claims are untimely and futile.

## Discussion

The deadline for Plaintiffs to seek leave to amend the pleadings expired on June 4, 2024. DE 19. When a party moves to amend its complaint after the amendment deadline set in a Rule 16 scheduling order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b)

good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted). If good cause is shown, the Court proceeds to the second step and applies the Rule 15(a)(2) standard for amendments. Fed. R. Civ. P. 15(a)(2). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("The two-step process is consistent with nearly every one of our sister circuits (and out of step with none).").

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848–49 (7th Cir. 2002).

3

**A.  Untimeliness**

The Haugs explain their late filing was due to new information learned when they received the title packages for the properties on June 18, 2024, after the amendment deadline had passed. These documents contained the basis for them to seek leave to add two additional counts to their complaint. Starke County asserts that the amended complaint is "untimely" without further elaboration. The Haugs filed their motion on July 8, 2024, a little more than a month after the amendment deadline and approximately three weeks after they received the information they say supports their new claims. Based on this set of facts, the Court finds the newly discovered information and the Haugs' prompt action to file their motion demonstrates the diligence needed to meet Rule 16's good cause standard.

**B.  Futility**

The next step is to determine whether Rule 15(a)(2)'s standard is met. Starke County only objects on futility, and does not object on grounds of undue delay, bad faith, dilatory motive, failure to cure deficiencies, or undue prejudice. *See Foman*, 371 U.S. at 183. Because both parties focus entirely on futility, the Court will address only that element of the Rule 15 analysis.

The futility inquiry is akin to determining whether the proposed amendment states a claim upon which relief can be granted. *Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022) ("[W]hen the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim.") (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786

F.3d 510, 524 (7th Cir. 2015)). To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). If the underlying claims are so legally infirm as to be futile, there is no reason to grant leave to bring them into the lawsuit. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) ("Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability."). This is "essentially" the same as saying a party has failed to state a claim. *Id.*

1. **Quiet Title**

The Haugs label their proposed count "Quiet Title," but do not cite to a specific statute or common law claim under which to bring the action. Starke County presumes in its response that the Haugs are utilizing Indiana's quiet title statute, Ind. Code § 32-30-3-14, and the Haugs concede to that presumption in their reply. DE 25, 29. This statute permits an action to quiet title against, among others, an heir or devisee of real estate even if the party does know the heir or devisee's name. Ind.

Code § 32-30-3-14. The statute further clarifies the requirements a party must follow in order to file such a claim:

> (e) The plaintiff shall file with the complaint an affidavit that states the following:
>> (1) The complaint contains the names of all persons disclosed by public record by or through whom a claim or interest in the real estate may be asserted.
>> (2) The plaintiff does not know the following information about a person described in subdivision (1):
>>> (A) Whether the person is alive or dead.
>>> (B) The person's legal residence.
>>> (C) The person's marital status.
>>> (D) If the person is or has been married, the name or address of the person's spouse, widow, or widower.
>>> (E) If the person is dead, whether the person has left any heirs or devisees.
>>> (F) The name or legal residence of an heir or devisee.
>> (3) The plaintiff claims full and complete right and title in the real estate that is the subject of the proceeding described in subsection (a).
>> (4) The plaintiff intends to quiet title to the real estate through the proceeding.
> (f) After the plaintiff files the complaint and affidavit, the plaintiff shall file an affidavit for publication of notice under IC 34-32-1.

The Haugs seek, in their own words, to add a count of quiet title against any unknown third parties that may have a claim to the disputed shoreline area. DE 22, ¶ 3. They indicate that they have held themselves out as the rightful owners of the property, have done so "notoriously" for over twenty years, and exercised exclusive dominion over the property. DE 22-1, ¶¶ 24-28. But they did not attach any affidavit to their proposed complaint, do not allege in their motion any of the required information in § 32-30-3-14, and did not file any publication of notice.

As Starke County points out, the Haugs' proposed quiet title count does not meet the elements of § 32-30-3-14, and is instead closer to a claim of common law adverse possession. However, the Haugs would not be able to proceed on an adverse possession claim because Ind. Code § 32-21-7-2 precludes the use of adverse possession against a political subdivision such as Starke County. *See* Ind. Code § 36-1-2-10. Starke County raised this point in their response, but the Haugs did not address it in their reply. In any event, the proposed quiet title count cannot proceed because it does not sufficiently satisfy the requirements of § 32-30-3-14. It does not name "all persons disclosed by public record by or through whom a claim or interest in the real estate may be asserted." Ind. Code § 32-30-3-14(e)(1). It does not provide the basis by which they are unable to identify the heir or devisee. *Id.* at § 32-30-3-14(e)(2)(A)-(F). And there was no publication of notice. *Id.* § 32-30-3-14(f). Without these necessary elements, the quiet title count would not survive a 12(b)(6) motion and is futile at this stage of the pleadings.

**2. Class-of-One Equal Protection**

A "class-of-one" Equal Protection claim arises under the Equal Protection Clause of the Fourteenth Amendment when a plaintiff who does not allege membership to a class or group still shows she has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). In order to plead a "class-of-one" equal protection claim, a plaintiff must allege facts that she was "'intentionally treated differently from others similarly situated and that

there is no rational basis for the difference in treatment.'" *See Engquist v. Oregon Department of Agriculture,* 553 U.S. 591, 601 (2008) (quoting *Olech,* 528 U.S.at 564). "[T]o get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992)). The presumption of rationality is a low bar that includes even a "conceivable rational basis for the difference in treatment." *D.B. ex rel. Kurtis B.* v. *Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

The Seventh Circuit recently highlighted why successful "class-of-one" claims are such "rare occasions." *Indiana Land Tr. #3082 v. Hammond Redevelopment Comm'n*, 107 F.4th 693, 698 (7th Cir. 2024). In *Indiana Land*, the plaintiffs made well-pleaded allegations of animus and improper motive by the city. *Id.* at 688. Despite this, the court was able to glean a rational basis for the city's actions from the pleadings, and this alone was sufficient to defeat the class-of-one claim. "It is only when courts can hypothesize *no rational basis* for the action that allegations of animus come into play." *Indiana Land Tr. #3082*, 107 F.4th at 688 (emphasis in original).

Here, there are two rational bases from which to explain Starke County's use of the land. First, the Haugs allege in their Equal Protection count that:

> 29. The Plat Chart for the Koontz Lake area the Haugs property sits on shows a consistent shoreline demarcation.

>   30. That shoreline demarcation is beyond the edge of the various homeowners' property lines on the Plat Chart.

DE 22, ¶¶29-30. By alleging that the area Starke County designated as beachfront sits beyond their property line according to the Plat Chart, the Haugs have provided a rational basis to explain Starke County's actions. If Starke County believed property at issue exceeded the private property lines, they had a rational basis to designate that land as beachfront without violating the Equal Protection Clause.

Second, the Haugs allege disparate treatment of Lots 17, 16, and 15, which are the shoreline lots directly adjacent to Cherokee Road. DE 29-4. The Court can determine the placement of the Haugs' lots next to Cherokee Road from the exhibit attached to their reply, the Original Dedication from the Starke County Recorder. DE 29-4. Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *Parungao v. Cmty. Health Sys., Inc.,* 858 F.3d 452, 457 (7th Cir. 2017). The Court may do so even in the context of a 12(b)(6) motion to dismiss (or the equivalent futility element of Rule 15), because "when a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on a motion to dismiss. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018). Looking at the close proximity of Cherokee Road, it is rational for the county to want a public beach to be situated along a public road since it would provide the public easy and immediate access to the beachfront. Notably, there is no equivalent public road adjacent to the lots down the shoreline, Lots 1, 2, and 3, which would require the beachgoers to walk

9

a considerable distance to reach the designated beachfront. This is a second conceivable rational basis for why Starke County would choose this area as a public beach due to ease-of-access for the public, and arises from documents that Plaintiffs themselves have used to use support their request for leave to add this claim.

The Haugs, however, only allege in their proposed complaint that there is "no rational basis" for the disparate treatment between their lots and the other lots along the shoreline. DE 22, ¶33. These bare allegations do not address or eliminate the obvious rational bases for Starke County's actions arising from their proposed complaint and supporting brief, and only one such explanation is necessary to defeat the Haugs' class-of-one claim. Accordingly, the proposed amended count does not overcome the high pleading burden imposed on class-of-one claims and would be futile to add to the complaint.

## Conclusion

For the foregoing reasons, the Court finds the additional counts in the proposed amended complaint are futile, and hereby **DENIES** Plaintiff's Motion for Leave to Amend [DE 22].

SO ORDERED this 19th day of December, 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT